**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10018 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00249-HG-1 |
| v. | |
| DAVID E. RUSKJER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Argued and Submitted February 12, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Defendant David Ruskjer appeals his convictions for mail fraud, wire fraud,

structuring financial transactions to avoid reporting requirements, and money

laundering. We affirm.

1. The district court did not abuse its discretion when it excluded Sud's

testimony and the related documentary evidence. See United States v. Alvarez,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

358 F.3d 1194, 1205 (9th Cir. 2004) ("Evidentiary decisions are . . . reviewed for abuse of discretion.").  The government's theory was that Defendant induced people to lend him money through specific, intentional misrepresentations and failures to disclose.  At trial, the prosecution's theory was that, had there been no dishonesty, Defendant would have had a "risky" but "[p]erfectly legitimate business."  In those circumstances, evidence that lawyers helped Defendant to create a substantially similar business in another state at a later time was irrelevant to the question whether Defendant had intentionally misrepresented the success of his investments and failed to disclose material facts to the defrauded lenders from the original business.

2.  Because the district court correctly instructed the jury on the intent required to convict, Defendant was not entitled to an advice-of-counsel instruction.  See United States v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004) ("Our case law is well settled that a criminal defendant has 'no right' to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense' requests.").

**AFFIRMED.**